CALCOT, LTD., and Fireman's Insurance Fund Company, Plaintiffs,

v.

ISBRANDTSEN COMPANY, Inc., San Juan Mercantile Corp., Municipality of Ponce, Luis A. Ayala Colon, Defendants.

No. C 157–60.

United States District Court
D. Puerto Rico,
San Juan Division.

Dec. 29, 1961.

Patrick J. Wilson, Ponce, P. R., for plaintiffs.

E. Cordova Diaz, J. L. Cordova, Jr., Carlos Romero Barcelo, San Juan, P. R., Miguel A. Rios Lugo, Santurce, P. R., for defendants.

RUIZ-NAZARIO, Chief Judge.

This action was tried and is now before the Court for decision, exclusively as to the issue of liability.

I have given due consideration to the pleadings, to the oral and documentary evidence adduced by the parties as to said issue, and to the memoranda of counsel thereon and I am duly advised in the premises.

The plaintiffs herein are Calcot Ltd., the shipper of the 400 hundred bales of cotton to which this action refers and Fireman's Fund Insurance Company, the insurer of said shipment.

The defendants herein are: (1) Isbrandtsen Company Inc., as owner and operator of SS Flying Hawk on which said shipment was transported from Stockton, California to Ponce, Puerto Rico, (2) San Juan Mercantile Corpora-

tion, as alleged agent of Isbrandtsen in Puerto Rico, (3) The Municipality of Ponce, Puerto Rico, as owner and operator of the Municipal Pier of Ponce, where said shipment of cotton was discharged from the vessel; and (4) Luis Ayala Colon, as stevedoring contractor who handled the discharge of said cotton from the vessel to said pier, and also as alleged agent of Isbrandtsen.

The plaintiffs contend, that the defendant Isbrandtsen Co., as owner and operator of the SS Flying Hawk acting through the master and crew of said vessel, or through its alleged agents San Juan Mercantile Corporation and/or Luis Ayala Colon; and/or that the defendant San Juan Mercantile Corporation, individually or as alleged agent of Isbrandtsen; and/or the defendant Luis Ayala Colon, individually or as alleged agent of Isbrandtsen; and/or the defendant the Municipality of Ponce, Puerto Rico, in its private, individual and non-public character, as owner and operator of the Municipal Pier of Ponce, are liable to said plaintiffs on the loss allegedly suffered by the latter on account of a fire which damaged the aforesaid cotton shipment while said cotton was stored at the Municipal Pier of Ponce over 5 days after its discharge from the SS Flying Hawk.

The undisputed evidence is to the effect that the SS Flying Hawk arrived at the port of Ponce on July 5, 1959, that the cotton shipment was discharged on said Ponce pier and the vessel left on the same date.

The fire which damaged 175 bales took place a week later, on July 12, 1959, after 225 bales of cotton had been removed from the pier, submitted to fumigation and delivered at the plant of Indian Head Puerto Rico Inc., consignee of said shipment, by Mr. Francisco Delgado, agent of said consignee in charge of handling and doing the trucking of all cargo consigned to or received by Indian Head.

There is not the slightest evidence that any of the defendants was in any way negligent or that the negligence of any of them may have been the proximate cause of the accident.

The evidence amply supports the conclusion that the bales of cotton which suffered the fire damage were, at the time that the fire started, in the sole and exclusive possession of the consignee, Indian Head Puerto Rico Inc., which had accepted delivery of said shipment through its agent Francisco Delgado; and that by a mere sufferance of the Municipality of Ponce said consignee had been permitted to leave said cotton in storage at the Municipal Pier and remove it little by little at its own convenience.

After a careful review of the evidence adduced and the law applicable to the factual situation resulting from said evidence, I am convinced that under the decisions herein below cited none of the defendants is liable to the plaintiffs in any of the capacities in which they have been sued.

See: The Malcolm Baxter Jr., 277 U.S. 323, 48 S.Ct. 516, 72 L.Ed. 901; North American Smelting Co. v. Moller S.S. Co. (3 Cir.), 204 F.2d 384, 386, 387; The Monte Iciar (3 Cir.), 167 F.2d 334, 336–338, affirming the District Court Decision in 67 F.Supp. 201, 206–207; Thomas Roberts & Co. v. Calmar S. S. Corporation, D.C., 59 F.Supp. 203, 207; The Gothic Star, D.C., 4 F.Supp. 240, 241.

The opinions in the above cited cases, particularly that in North American Smelting Co. v. Moller S. S. Co. supra, leave no doubt in my mind as to the absence of liability of the carrier Isbrandtsen Company Inc. and/or their alleged agents San Juan Mercantile Corporation and Luis Ayala Colon as far as the latter have been sued as agent of the aforesaid carrier.

And as regards any individual liability on the part of said alleged agents, as well as of the other defendant Municipality of Ponce, Puerto Rico, their individual negligence must also be established. The evidence adduced fails to support the remotest indication of negligent behaviour on their part.

The complaint must be, therefore, dismissed as to all the defendants and judgment rendered accordingly.

Counsel for defendant Isbrandtsen Company, Inc. is directed to submit, within a period of 20 days, proposed Findings of Fact, Conclusions of Law and form of Judgment. Copy thereof shall be served on counsel for the plaintiffs and for the other defendants, who shall have a period of 15 days, from the date of notice, to file amendments or objections thereto.